**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 22 2018

JAMES W. McCORMACK, CLERK
.By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**LISA BRADLEY, Individually and on
Behalf of All Others Similarly Situated**                      **PLAINTIFF**

VS.                             No. 3:18-cv-*29-DPM*

**CRITTENDEN COUNTY, ARKANSAS**                              **DEFENDANT**

This case assigned to District Judge *Marshall*
and to Magistrate Judge *Ray*

<u>**ORIGINAL COMPLAINT—CLASS AND COLLECTIVE ACTION**</u>

COMES NOW Plaintiff Lisa Bradley ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys Sean Short, Chris Burks and Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint—Class and Collective Action against Defendant Crittenden County, Arkansas ("Defendant"), she does hereby state and allege as follows:

**I.    PRELIMINARY STATEMENTS**

1.      This is a class and collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2.      Plaintiff, individually and on behalf of all others similarly situated, seeks declaratory judgment; monetary damages; liquidated damages; prejudgment interest; costs; and a reasonable attorney's fee, as a result of Defendant's policy and practice of failing to pay Plaintiff and other similarly situated individuals proper overtime

compensation under the FLSA and under the AMWA within the applicable statutory limitations period.

3.    Upon information and belief, for at least three (3) years prior to the filing of the Complaint, Defendant has willfully and intentionally committed violations of the FLSA and AMWA as described, *infra*.

## II.    JURISDICTION AND VENUE

4.    The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.    Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint.  Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

6.    A substantial part of the acts complained of herein were committed and had their principal effect against Plaintiff within the Jonesboro Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.    THE PARTIES

6.    Plaintiff Lisa Bradley is an individual and resident of Crittenden County.

7.    Plaintiff was employed by Defendant as a Non-Patrol Deputy Sheriff Jail Worker from 2005 until June of 2017.

8.    At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA and the AMWA.

9.    As an employee of Defendant, Plaintiff was an employee of a public agency employed in law enforcement activities, and therefore entitled to the protections of the FLSA pursuant to 29 U.S.C. § 201, *et seq*.

10.   Defendant is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

11.   Defendant is an employer subject to the FLSA as a public agency pursuant to 29 U.S.C. § 203.

12.   Defendant participated in the management of Plaintiff's work, including setting and enforcing the amount of hours worked and the amount and manner of compensation paid.

13.   Defendant dictated, controlled and ratified, both implicitly and explicitly, the wage and hour practices and all related employee compensation policies that are at issue in this case.

14.   Defendant Crittenden County, Arkansas, operates the Crittenden County Sheriff's Department where Plaintiff was employed within the three (3) years prior to the filing of this Complaint as a Non-Patrol Deputy Sheriff Jail Worker.

15.   Defendant can be served through the Crittenden County Judge, who is Woody Wheeless, 100 Court Square, Marion, Arkansas 72364.

16.   At all relevant times, Defendant employed five or more employees in law enforcement activities pursuant to 29 U.S.C. § 213(b)(20).

## IV.    FACTUAL ALLEGATIONS

17.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

18.    During part of the three (3) years prior to the filing of this lawsuit, Plaintiff was an hourly-paid employee of the Crittenden County Sheriff's Department located in West Memphis and was paid an hourly rate.

19.    At all times relevant to the allegations in this Complaint, Plaintiff has been employed by Defendant as a Non-Patrol Deputy Sheriff Jail Worker.

20.    Upon information and belief, Defendant did not establish a "work period" for all Non-Patrol Deputy Sheriff Jail Workers, but only established a "work period" of 171 hours in a 28-day period for some Non-Patrol Deputy Sheriff Jail Workers pursuant to the FLSA.

21.    Plaintiff and other Non-Patrol Deputy Sheriff Jail Workers were routinely required to work in excess of 40 hours per week and in excess of 171 hours in a 28-day period.

22.    Plaintiff and other Non-Patrol Deputy Sheriff Jail Workers were not paid properly for overtime.

23.    Defendant knew that Plaintiff and other Non-Patrol Deputy Sheriff Jail Workers worked in excess of 40 hours per week and also over 171 hours in a 28-day period, and Defendant required them to do so.

24.    Defendant did not provide Plaintiff and other Non-Patrol Deputy Sheriff Jail Workers with compensatory time off at a rate of one and one-half times their regular rate for their overtime hours.

25.     The actual day-to-day job duties and responsibilities of Plaintiff and other Non-Patrol Deputy Sheriff Jail Workers were not exempt under the FLSA with respect to payment for time worked in excess of 40 hours per week, or alternatively 171 hours in a 28-day period.

26.     Defendant knew, or showed reckless disregard for whether the way it paid Plaintiff and its other Non-Patrol Deputy Sheriff Jail Workers violated the FLSA and AMWA.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

### A.     FLSA § 216(b) Class

27.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

28.     Plaintiff brings her claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

29.     Plaintiff brings her FLSA claims on behalf of all hourly Non-Patrol Deputy Sheriff Jail Workers employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as non-exempt from the overtime requirements of the FLSA  and who are entitled to payment of the following types of damages:

A.     Payment for all hours worked, including overtime premiums for all hours worked for Defendant in excess of forty (40) hours in a workweek; and

B.     Liquidated damages and attorneys' fees and costs.

30.     In conformity with the requirements of FLSA Section 16(b), Plaintiff has attached hereto as Exhibit "A" a written Consent to Join this lawsuit.

31.     The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Class and Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

32.     The members of the proposed FLSA Class are similarly situated in that they share these traits:

A.     They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

B.     They were paid hourly;

C.     They recorded their time in the same manner; and

D.     They were subject to Defendant's common policy of denying pay for all hours worked, including proper overtime pay for hours worked over forty (40) per work week.

33.     Plaintiff is unable to state the exact number of the potential members of the FLSA Class but believes that the class exceeds 50 persons.

34.     In the modern era, most working-class Americans have become increasingly reliant on email and text messages, and generally use them just as often, if not more so, than traditional U.S. Mail.

35.     Defendant can readily identify the members of the Section 16(b) class. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as

possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## B.    AMWA Rule 23 Class

36.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

37.    Plaintiff proposes to represent the class of hourly Non-Patrol Deputy Sheriff Jail Workers who are/were employed by Defendant within the relevant time period within the State of Arkansas.

38.    Common questions of law and fact relate to all members of the proposed class, such as whether Defendant paid the members of the proposed class for all hours worked, including overtime in accordance with the AMWA.

39.    Common questions of law and fact predominate over any questions affecting only the individual named Plaintiff, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the proposed AMWA class.

40.    The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class.  To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

41.   Plaintiff is unable to state the exact number of the potential members of the AMWA class but believes that the class exceeds 50 persons. Therefore, the class is so numerous that joinder of all members is impracticable.

42.   At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

43.   Concentrating the litigation in this forum is highly desirable because Defendant is based in the Eastern District of Arkansas and because Plaintiff and all proposed class members work or worked in Arkansas.

44.   No difficulties are likely to be encountered in the management of this class action.

45.   The claims of Plaintiff are typical of the claims of the proposed class in that Plaintiff worked as an hourly employee for Defendant and experienced the same violations of the AMWA that all other class members suffered.

46.   Plaintiff and her counsel will fairly and adequately protect the interests of the class.

47.   Plaintiff's counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

48.   Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to

individual members of the proposed class that would establish incompatible standards of conduct for Defendant.

## VI.    FIRST CAUSE OF ACTION

### (Individual Claim for Violation of the FLSA)

49.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

50.    Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA.

51.    At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

52.    29 U.S.C. § 207 requires any public agency to pay employees engaged in law enforcement activities time and a half of regular wages for all hours worked over 40 hours in a week, or over 171 in a 28-day period if such an election has been made.

53.    Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendant failed to pay Plaintiff a lawful overtime premium.

54.    Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

55.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

56.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.    SECOND CAUSE OF ACTION

### (Individual Claim for Violation of the AMWA)

57.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

58.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq*.

59.     At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

60.     Arkansas Code Annotated § 11-4-211 requires employers to pay all employees time and a half of regular wages for all hours worked over 40 hours in a week, or over 171 in a 28-day period if such an election has been made.

61.     Despite the entitlement of Plaintiff to overtime payments under the AMWA, Defendant failed to pay Plaintiff a lawful overtime premium.

62.     Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

63.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint pursuant to Arkansas Code Annotated § 11-4-218.

64.    Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, she is entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   THIRD CAUSE OF ACTION

### (Collective Action Claim for Violation of the FLSA)

65.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

66.    Plaintiffs asserts this claim on behalf of all Non-Patrol Deputy Sheriff Jail Workers employed by Defendant to recover monetary damages owed by Defendant to Plaintiff and members of the putative class for unpaid overtime compensation for all the hours she and they worked in excess of forty (40) each week.

67.    Plaintiff brings this action on behalf of herself and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

68.    At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

69.    29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.  29 U.S.C.S. § 207.

70.    Defendant failed to pay Plaintiff and those similarly situated at a rate of one and one-half times their regular rate for all hours worked over forty (40) hours per week, despite their entitlement thereto.

71.    Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the proposed class is properly defined as follows:

**All hourly-paid Non-Patrol Deputy Sheriff Jail Workers
employed by Defendant within the past three years.**

72.    Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

73.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

74.    Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## IX.    FOURTH CAUSE OF ACTION

### (Class Action Claim for Violation of the AMWA)

75.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

76.    Plaintiff, individually and on behalf of the members of the proposed class, asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq.*

77.    At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiff and the members of the proposed class within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

78.    Arkansas Code Annotated § 11-4-211 requires employers to pay all employees time and a half of regular wages for all hours worked over 40 hours in a week, or over 171 in a 28-day period if such an election has been made.

79.    Despite the entitlement of Plaintiff and members of the proposed class to overtime payments under the AMWA, Defendant failed to pay Plaintiff a lawful overtime premium.

80.    Plaintiff proposes to represent the AMWA liability class of individuals defined as follows:

**All hourly-paid Non-Patrol Deputy Sheriff Jail Workers
employed by Defendant within the past three years.**

81.    Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

82.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and the proposed class for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

83.    Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and members of the proposed class as provided by the AMWA, Plaintiff and members of the proposed class are entitled to an award of prejudgment interest at the applicable legal rate.

## X.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Lisa Bradley respectfully prays as follows:

A.      That Defendant be summoned to appear and answer this Complaint;

B.      That Defendant be required to account to Plaintiff, the class members, and the Court for all of the hours worked by Plaintiff and the class members and all monies paid to them;

C.      For orders regarding certification of and notice to the proposed collective action members;

D.      A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

E.      A declaratory judgment that Defendant's practices alleged herein violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

F.      Judgment for damages for all unpaid overtime compensation owed to Plaintiff and the proposed class members under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

G.      Judgment for damages for all unpaid overtime compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

H.      Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and the proposed class members during the applicable statutory period;

I.    Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations;

J.    For a reasonable attorneys' fee, costs, and pre-judgment interest; and

K.    Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**LISA BRADLEY, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

By:    _____

Sean Short
Ark Bar No. 2015079
sean@sanfordlawfirm.com

_____

Chris Burks
Ark. Bar No. 2010207
chris@sanfordlawfirm.com

and    _____

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**LISA BRADLEY, Individually and on**                               **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                              No. 3:18-cv-_____

**CRITTENDEN COUNTY, ARKANSAS**                               **DEFENDANT**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as an hourly transportation officer and jail employee for Defendant Crittenden County, Arkansas ("Defendant"), on or after February 14, 2015. I understand this lawsuit is being brought under the Fair Labor Standards Act for unpaid overtime compensation. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Signature:  _____
**LISA BRADLEY**

Date: February 13, 2017

*/s/ Josh Sanford*
**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**