# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

LISA BRADLEY, Individually and on Behalf
of All Others Similarly Situated                                    PLAINTIFF

v.                              No. 3:18-cv-29-DPM

CRITTENDEN COUNTY, ARKANSAS                                         DEFENDANT

## ORDER

Bradley seeks conditional certification of a FLSA collective action. She alleges that Crittenden County had a standard policy that didn't pay its hourly, non-patrol deputy sheriffs—the folks who, like her, ran its detention center—overtime. Crittenden County denies this, arguing hard that it never underpaid Bradley and that conditional certification is inappropriate because Bradley's proposed group is too broad. The County says that there are various types of detention center deputies, who aren't necessarily paid the same way.

While the standard for conditional certification is fairly lenient, *Freeman v. Wal-Mart Stores, Inc.*, 256 F. Supp. 2d 941, 944–45 (W.D. Ark. 2003), this case has just started. Bradley's only evidence that all employees were subject to the same pay policy is her affidavit. The Court must also consider the County's affidavits. The balance isn't clear enough for the Court to say with conviction, albeit tentatively so, that every hourly, non-patrol deputy was similarly situated. Booking

officers and supervisors, for example, may have been paid differently than transportation specialists like Bradley. Some focused discovery now can eliminate this uncertainty. For instance, Bradley could depose one or both of the County affiants on the similarly situated and numbers issues. It's better to do this at the threshold than to wait and discover eventually that disparate facts exist within the proposed group of approximately two hundred. There's no prejudice to either party in doing so.

Bradley's motion, № 4, is denied without prejudice as premature and with instructions. The parties must promptly engage in targeted discovery. This will help to identify a more solid FLSA group or groups. It will also move Bradley's case forward; the Court would like to keep to its Scheduling Order, № 10. While this discovery takes place, the Court tolls the statute of limitations, effective 11 June 2018.

\* \* \*

Agreed or opposed motion to conditionally certify due by 25 July 2018. Response, if necessary, due by 3 August 2018. The parties need not refile all their papers. Supplemental materials will be enough. The Court will consider everything already filed when it reconsiders.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

11 June 2018