IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

LISA BRADLEY, Individually and on Behalf
of All Others Similarly Situated                                       PLAINTIFF

v.                              No. 3:18-cv-29-DPM

CRITTENDEN COUNTY, ARKANSAS                                DEFENDANT

ORDER

**Background.** Bradley has renewed her motion for conditional certification of a collective action under the FLSA, approval of related notices, and disclosure of contact information for more potential opt-in plaintiffs against Crittenden County. № 14. The targeted discovery has been done. Bradley alleges that the County didn't pay her and other jailers overtime. The County doesn't really disagree; it mainly argues that Bradley's not similarly situated with the rest of the proposed group because she never worked any overtime. № 16 at 2–3. The County seeks summary judgment for the same reason. № 25 at 2.

**Certification.** Bradley has shown that an affected group exists. *Helmert v. Butterball, LLC*, 2009 WL 5066759, at *2–3 (E.D. Ark. 15 December 2009). All jailers who are hourly employees are subject to the same pay policy. Jailers that work at the detention center accrue compensatory time the same way and are subject to the same work week requirements. № 14-12 at 7–9; № 27 at 11–12. And while some

jailers' duties differ slightly from others, all are often required to work other jobs and "pitch in" when the center is short on staff. № 14-12 *at 7*. Several folks have already opted in. The Court therefore conditionally certifies this FLSA group:

> All hourly paid jailers, including transport officers, booking officers, float (or pod) officers, and sergeants employed by Crittenden County at any time since 22 February 2015.

**Summary Judgment.** The County's summary judgment motion is denied without prejudice. The Court views the evidence in the light most favorable to Bradley. *Camfield Tires, Inc. v. Michelin Tire Corp.*, 719 F.2d 1361, 1364 (8th Cir. 1983). Genuine disputes of material fact exist here. The County argues hard that Bradley never worked more than eighty-six hours in a fourteen-day work period; so she shouldn't be able to represent this group. Bradley testified on deposition that the County's *timesheet* records are inaccurate but went back and forth on the *time clock* records. № 30-1 *at 55–56, 65–67*. Her response to the County's motion includes a clarification by affidavit: the time clock reports are accurate but don't include time worked during lunch or mandatory off-the-clock meetings. № 43-1 *at 3*. And she argues this information will show that she and others worked overtime. This is a muddle. But, in the Court's best reading of the whole, Bradley's affidavit supplements rather than "directly contradict[s]" her deposition testimony. *Compare Camfield Tires, Inc.*, 719 F.2d at 1365, *with Bass v. City of Sioux Falls*, 232 F.3d 615, 618 (8th Cir. 1999). The dispute

over hours worked and the relaxed standard for conditional certification cut against dismissing the group at this early point. If Bradley can't show she has a solid claim at the final-certification stage, the group can move to substitute. And the County can move for decertification, renew its request for summary judgment, or do both. *E.g., White v. Baptist Memorial Health Care Corp.*, 699 F.3d 869, 877–78 (6th Cir. 2012).

**Notices.** The original proposed notice and consent forms are approved, № 4-1, № 4-2, № 4-4 & № 4-5. Several folks have already opted in. There's no need for follow-up post cards. Notice via mail, e-mail, and text message is sufficient.

**Timing.** Crittenden County must give Bradley's lawyers (in electronic spreadsheet format) a list of possible group members by 27 November 2018. It should include each person's name and, if known, home address and telephone number. Bradley shouldn't contact prospective group members by telephone except in the approved texts. The op-in period will close on 11 February 2018.

\*   \*   \*

Bradley's motion to certify, № 14, is granted as modified. The County's motion for summary judgment, № 24, is denied without prejudice.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

5 October 2018